CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

NOV 0 3 2008

JOHN F. CORCORAN, CLERK
BY: _____, DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

MARION LEON BEA,           )
    Plaintiff,              )    **Civil Action No. 7:08-cv-00547**
                )
v.                      )    **MEMORANDUM OPINION**
                )
BRYAN WATSON, WARDEN,      )    **By: Hon. James C. Turk**
    Defendants.             )    **Senior United States District Judge**

Plaintiff Marion Leon Bea, a Virginia inmate proceeding pro se, brings this action which he styles as a motion for injunction relief. He appears to be alleging that he has been wrongfully held in segregated confinement for a year at Wallens Ridge State Prison ("Wallens Ridge") despite the fact that his security classification entitles him to be at a lower security facility. The court construes his claims as arising under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Bea also applies to be allowed to proceed in this action without prepayment of the $350.00 filing fee. Upon review of the record, the court concludes that this action must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g), because Bea does not qualify to proceed without prepayment of the fee.

Section 1915(b) requires the court to assess against indigent inmates the $350.00 filing fee for a civil action, but also allows them to pay this fee through installments withheld from their inmate accounts. Section 1915(g) denies the installment payment method to those prisoners who have "three strikes"--- those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. A prisoner litigant with three strikes may qualify to proceed under the installment payment plan only if he "is in imminent danger of serious physical injury." §1915(g).

The United States District Court for the Eastern District of Virginia has held that Bea has previously filed at least three civil actions or appeals that were then dismissed as frivolous, malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the opportunity to file any further civil actions without prepayment or alleging imminent physical harm,

1

pursuant to § 1915(g). See Bea v. Doe, Case No. 1:05CV1096 (E.D. Va. 2005) (recognized Bea had three previous dismissals so as to disqualify him for in forma pauperis under 28 U.S.C. § 1915(g)). Based on the Eastern District's findings, this court must deny Bea's request to proceed without prepayment of the filing fee unless he satisfies the "imminent physical harm" requirement of § 1915(g).

Bea's allegations in the current civil action do not satisfy § 1915(g). He alleges that he has been in segregated confinement for twelve months, that he is scared and feels in danger at Wallens Ridge, and that his security classification points should be sufficient to earn him a transfer to a lower security facility, but his request for transfer has not been granted. Although he alleges that he fears for his life, Bea fails to allege any specific facts on which he bases these fears, other than the fact that Wallens Ridge is a maximum security prison. These conclusory allegations are not sufficient to demonstrate that he is in imminent danger of physical harm under § 1915(g) so as to allow him to proceed with this action absent prepayment of the filing fee. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. Therefore, the court finds no ground upon which to allow him to proceed in this action without prepayment of the filing fee. Because Bea clearly knew from orders and opinions issued to him in his cases before the Eastern District Court, this court will dismiss the action without prejudice, pursuant to § 1915(g).[1]

---

[1]In any event, Bea's allegations here fail to state any claim actionable under § 1983, making the case also subject to summary dismissal under 28 U.S.C. § 1915A(b)(1). See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (finding that inmates have no constitutional right to be housed in any particular prison); Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (finding that transfer of inmate from medium to maximum security prison did not infringe on "liberty" interest within meaning of due process clause).

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of ~~October,~~ November 2008.

James C. Turk

Senior United States District Judge

3