CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

NOV 18 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARION LEON BEA,<br>Plaintiff, | Civil Action No. 7:08-cv-00547 |
| v. | **OPINION AND ORDER** |
| BRYAN WATSON, et al.,<br>Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

By opinion and order entered November 3, 2008, the court dismissed this civil action, pursuant to 28 U.S.C. § 1915(g), upon finding that Plaintiff Marion Leon Bea had previously filed three (3) civil actions or appeals that had been dismissed as frivolous, malicious or for failure to state a claim and had not demonstrated imminent danger of physical harm. Bea now moves to amend his case and moves for a temporary restraining order, arguing that he has, indeed, alleged facts demonstrating imminent danger.

As stated in the court's previous opinion in this case, the United States District Court for the Eastern District of Virginia has held that Bea has previously filed at least three civil actions or appeals that were then dismissed as frivolous, malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the opportunity to file any further civil actions without prepayment or alleging imminent physical harm, pursuant to § 1915(g). See Bea v. Doe, Case No. 1:05CV1096 (E.D. Va. 2005) (recognized Bea had three previous dismissals so as to disqualify him for in forma pauperis under 28 U.S.C. § 1915(g)). Based on the Eastern District's "three strikes" finding and this court's finding that Bea did not demonstrate imminent danger of physical harm, the court denied Bea's request to proceed without prepayment of the filing fee and dismissed the action, pursuant to § 1915(g).

1

Bea complained in his original pleadings that although he is classified as a Level 4 security inmate, he has been housed for a year in segregation at Wallens Ridge State Prison ("Wallens Ridge"), a Level 5 security prison. He has advised officials that he cannot go into general population at Wallens Ridge and that he wants to be transferred to another facility. In the amended complaint and motion for temporary restraining order he now submits, he argues that several of his allegations demonstrate imminent danger of physical harm: officers have spit in his food, have served him spoiled milk, and have harassed him. He also alleges that the continued "abusive segregation" caused him to be depressed and in September 2008, officials placed him in a medical strip cell in which he threatened to harm or kill himself. In the conclusion paragraph of the amended complaint, Bea asserts that his life "is in physical danger and injury to harm himself and irreparable harm." For this reason, he argues, the court should grant him in forma pauperis under § 1915(g) and allow him to go forward to sue the defendants for monetary damages.

"Imminent danger" for purposes of § 1915(g) requires a "real and proximate" threat of harm that is "imminent or occurring at the time the complaint is filed." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past injuries that have not recurred are not sufficient to show "imminent danger.," Id. "By using the word 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). Several courts, including this one, agree that "a prisoner cannot create the imminent danger so as to escape the three strikes provision." Taylor v. Walker, Civil No. 07-706-MJR, 2007 WL 4365718 (S. D. Ill. 2007) (quoting Bell v. Allen, 2007 WL 484547 (S. D. Ala. 2007) and citing other cases).

2

Bea's argument in support of imminent danger relies primarily on past events, most of which do not threaten serious physical harm, in any event: segregation itself, officers spitting in his food, making verbal threats, or serving spoiled milk. Such past events cannot support a finding of imminent danger under § 1915(g). Bea's suicidal episode in September is another past event that cannot, in and of itself, support a claim that Bea is in imminent danger. Bea alleges no specific facts indicating that he continues to have suicidal thoughts or that he has made any such thoughts known to prison officials who are in a position to protect him from harming himself. To the extent that he is speculating how continued segregation may cause the same sort of depression that previously resulted in suicidal thoughts, the court cannot allow him to use such speculation to "create" imminent danger in satisfaction of the § 1915(g) requirement. Certainly, any stated intention on his part to harm himself if the court does not allow his lawsuit to go forward cannot qualify as "imminent danger of physical harm" for purposes of § 1915(g).

Finding no ground upon which Bea qualifies under § 1915(g) to avoid prepayment of the $350 filing fee in this case, it is hereby **ORDERED** that plaintiff's motion to amend (Dkt. No. 6) is **GRANTED,** but because the complaint as amended fails to demonstrate imminent danger of physical harm, pursuant to 28 U.S.C. § 1915(g), plaintiff's motion for leave to proceed in forma pauperis, his request to reinstate this action to the active docket of the court, and his motion for temporary restraining order are **DENIED**, and the case remains closed.

The Clerk is directed to send a copy of this opinion and order to plaintiff.

ENTER: This 18th day of November, 2008.

/s/ James C. Turk
Senior United States District Judge

3